IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL W. POLLAK, JR., and ROBERT A. HAYDEN, JR., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREIGHTCAR AMERICA, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:07-201<br><br>JUDGE GIBSON |

**MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

The case *sub judice* presents a claim under the Employee Retirement Income Security Act (hereinafter "ERISA") and seeks class certification. The Plaintiffs, employees at the Johnstown plant of Defendant FreightCar America, Inc. (hereinafter "FCA"), hope to prevent alleged interference by FCA with the accrual of their rights in the Johnstown America Corporation Bargaining Unit Pension Plan (hereinafter "benefit plan") in violation of 29 U.S.C. § 1140. Complaint (Document No. 1), pp. 1-2. The Plaintiffs also request class certification as their second claim. Complaint, pp. 10-12. Several putative members of the class, including Robert A. Hayden, Jr., have not attained the five years required for vesting of their rights in the benefit plan. Others, like Samuel W. Pollak, Jr., have not fully satisfied all of the conditions necessary to qualify for the receipt of benefits under the benefit plan.[1] Complaint, p. 3.

---

[1] The Plaintiffs filed a First Amended Complaint on August 18, 2007, adding two different parties in place of Plaintiff Pollak, retaining Plaintiff Hayden as one of the lead Plaintiffs, but otherwise leaving unchanged the substance of the original Complaint.

The parties understand the collective bargaining agreement between FCA and its employees at the Johnstown Plant as recognizing two years of credit toward the service time necessary under the benefit plan for any time spent on a furlough. *See e.g.* Declaration of Jeff Anderson (Document No. 6-4), p. 2. The Court is presented with the Plaintiffs' request for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65.

> To prevail on its motion for a temporary restraining order and a preliminary injunction, plaintiff must demonstrate that irreparable injury will occur if the relief is not granted until a final adjudication on the merits can be made, that there is a reasonable probability of success on the merits, and that the possibility of harm to the non-moving party will be minimal and that harm to the public, when relevant, will not be likely. *See Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351 (3d Cir. 1980), *Perkins v. Wagner*, 513 F.Supp. 904 (E.D.Pa.1981). *See also Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir.), vacated and remanded (1981).

*Wright v. Columbia University*, 520 F.Supp. 789, 792-793 (E.D.Pa. 1981).

The Plaintiffs have presented a motion for temporary restraining order or preliminary injunction (Document No. 4) seeking an order "enjoining FCA from refusing to return them to active duty employment at the Johnstown facility under the terms and conditions of employment previously existing." Plaintiffs' Motion, pp. 3-4. The Plaintiffs' cause of action under ERISA for interference with their rights to the benefit plan at issue limits them to injunctive remedies, *see Eichorn v. AT&T Corp.*, 484 F.3d 644, 651-655 (3d Cir. 2007), a circumstance that the Plaintiffs' counsel acknowledged during the Status Conference of August 17, 2007. The Court understands any claim for backpay under ERISA arising from the arguably illegal layoff, which was allegedly motivated by FCA's desire not to make payments under the benefit plan, to be "incidental" to the Plaintiffs' ERISA claims. *See Chauffeurs, Teamsters, Helpers Local No. 391 v. Terry*, 494 U.S. 558, 571, 110 S.Ct. 1339, 1348, 108

2

L.Ed.2d 519, 531 (1990)(citation omitted). Inasmuch as the parties orally agreed during their status conference with the Court that under the terms of the present collective bargaining agreement those employees who have been furloughed continue to accrue time credits toward the benefit plan for a period up to two years of a "layoff," the Plaintiffs and all other FCA-Johnstown employees have not stopped accruing time toward the vesting or maturity of their rights under the benefit plan. Therefore, because they have not lost any credit for time toward their benefit plan as of today, whether they were furloughed in the spring or as late as Friday August 17, 2007, Plaintiffs have not demonstrated that irreparable harm will occur absent immediate injunctive relief for purposes of evaluating the request for a temporary restraining order. However, as the furloughs continue without any recall of workers at FCA-Johnstown, the potential for harm increases.

For purposes of Plaintiffs' request for a temporary restraining order, it appears that success on the merits of the Plaintiffs' claims is reasonably probable, considering this early stage, the evidence put forth by the Plaintiffs, and the absence of an answer from Defendant or other evidence in support of the Defendant's opposition to this motion. However, harm may occur to Defendant as a result of ordering back to work individuals who may not be needed for the Johnstown operations of FCA solely to maintain the employees' accrual rights. The back-to-work order could be financially detrimental to FCA, forcing it to pay wages and other benefits for employees that it has recently judged are not essential to present operations; therefore, the possibility of harm to FCA is *not* minimal for purposes of evaluating the request for a temporary restraining order.

Finally, the Court finds that harm to the public, whether the temporary restraining order is issued or not issued, is not likely. The Plaintiffs' motion, as to the request for a temporary restraining order,

3

is denied.

The parties will have the opportunity to address these issues in greater detail at the preliminary injunction hearing to be scheduled in the attached order. All of the factors enumerated and evaluated above will be reviewed and evaluated *de novo* following the hearing on the Plaintiffs' request for a preliminary injunction.

An appropriate order follows.

AND NOW, this 21st day of August, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiffs' Motion for Temporary Restraining Order or Preliminary Injunction (Document No. 4) is DENIED IN PART as to the Temporary Restraining Order; and IT IS FURTHER ORDERED THAT a hearing on the Plaintiffs' Motion for a Preliminary Injunction is scheduled for Tuesday, September 4, 2007 at 9:30 a.m., Courtroom A, Penn Traffic Building, 319 Washington Street, Johnstown, Pennsylvania 15901.

IT IS FURTHER ORDERED THAT the Defendant, Freightcar America, Inc., shall file a response to the Plaintiffs' Motion for Preliminary Injunction on or before August 27, 2007 at 5:00 p.m and may otherwise file responsive declarations to the Plaintiffs' declarations at Document Number 6 by this same deadline.

BY THE COURT:

*(signature)*

KIM R. GIBSON,
UNITED STATES DISTRICT COURT