UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| KENNETH J. SOWERS, ANTHONY J. ZANGHI and ROBERT A. HAYDEN, JR. on behalf of themselves and other similarly situated, | : : : : | |
| Plaintiffs | : | Civil Action No. 3:07-cv-00201-KRG |
| v. | : : | Judge Kim R. Gibson |
| | : | ELECTRONICALLY FILED |
| FREIGHTCAR AMERICA, INC., | : : | |
| Defendant | : | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the approval of this Court and the conditions set forth in ¶ 1, this Stipulation and Agreement of Settlement ("Stipulation") is entered into among Plaintiffs Kenneth J. Sowers, Anthony J. Zanghi and Robert A. Hayden, Jr., individually and as representatives of the Plaintiff Class (collectively, "Class Representatives") and Defendant FreightCar America, Inc. ("FCA"), by and through their respective counsel.

## DEFINITIONS

A.    In this Stipulation, the following terms shall have the meanings set forth below:

(1)    "Amended Complaint" means the Amended Class Action Complaint filed by Plaintiffs on August 18, 2007.

(2)    "CBA" means the Collective Bargaining Agreement entered into between Johnstown America Corporation (a wholly-owned subsidiary of FCA) and the United Steelworkers of America, AFL-CIO (now called the United Steel, Paper and Forestry, Rubber,

Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO/CLC) and its Local No. 2635 ("the Union") on February 25, 2005 and which expired on May 15, 2008.

        (3)    "Class," for purposes of this Stipulation, means the following:

Any person who:

(i)    Was employed at the  Johnstown Facility, was accruing service under the FCA Pension Plan as of May 15, 2008 (whether by reason of active employment or layoff), was hired by the Companies in 1988 or 1989 **and** would achieve age and service credit necessary for a Rule-of-65 Pension or a 70/80 Pension by December 31, 2009 with  continued accrual of age and service credit ; **or**

(ii)    Was employed at the  Johnstown Facility, was accruing service under the FCA Pension Plan as of May 15, 2008 (whether by reason of active employment or layoff), was hired by the Companies in 1988 or 1989, was covered by the Service Arbitration Award, **and** would achieve age and service credit necessary for a Rule-of-65 Pension by May 31, 2010 with continued accrual of age and service credit ; **or**

(iii)    Was employed at the Johnstown Facility, was covered by the FCA Pension Plan as of May 15, 2008, was on the seniority list as of June 19, 2008 **and** was hired by the Companies between August 16, 2004 and October 11, 2004.

Persons in Sections (i) and (ii) constitute the "Special Pension Subclass."  Persons in Section (iii) constitute the "Deferred Vested Pension Subclass."

        (4)    "Class Action" means the lawsuit brought by Plaintiffs Kenneth J. Sowers, Anthony J. Zanghi, and Robert A. Hayden, Jr., on behalf of themselves and others similarly situated against Defendant FreightCar America, Inc. in the United States District Court for the Western District of Pennsylvania at No. 3:07-cv-00201-KRG.

(5)     "Class Counsel" means Stember, Feinstein, Doyle & Payne, LLC and John Stember, Esq., Edward Feinstein, Esq., Pamina Ewing, Esq., Stephen Pincus, Esq., Jonathan Cohn, Esq., and William T. Payne, Esq.

(6)     "Class Representatives" is synonymous with "Class" or "Plaintiffs" for purposes of this Stipulation.

(7)     "Companies" shall mean FreightCar America Inc. and its wholly-owned subsidiary, Johnstown America Corporation.

(8)     "Complaint" means the Class Action Complaint filed by Plaintiffs on August 15, 2007.

(9)     "Effective Date" means the first business day after the date by which all of the following have occurred:  (1) a Notice Order has been entered by the Court; (2) an Order and Final Judgment has been entered by the Court; and (3) the time for any appeal or other further review of the Order and Final Judgment has expired without any appeal having been filed[1] *or*, if an appeal is filed, the appeal is disposed of with Order and Final Judgment not having been vacated, reversed or modified in any material way.

(10)     "Fairness Hearing" means a hearing to be held by the Court, on notice to the Class, to consider approval of the Settlement.

---

[1]     Pursuant to Federal Rule of Appellate Procedure 4(a)(1), the Notice of Appeal from the Order and Final Judgment must be filed within 30 days of the issuance of the Order and Final Judgment.  However, Federal Rule of Appellate Procedure 4(a)(5) contemplates an extension of that time period.  For purposes of this Agreement, "the time for appeal or other further review of the Order and Final Judgment has expired" includes the 30 days permitted by Rule 4(a)(1) *and* the time for any extension under Rule 4(a)(5).

(11)    "FCA's Counsel" means Reed Smith LLP and the Benefits Department Law Firm.

(12)    "FCA/Union Agreement" means the Agreement attached as Exhibit 1 to the Master Global Settlement Agreement.

(13)    "Master Global Settlement Agreement" means the Master Global Settlement Agreement entered into by the Companies, the Union and Class Representatives to which this Stipulation is attached as Exhibit 2.

(14)    "Notice" means the Notice of Proposed Settlement and Fairness Hearing, substantially in the form set forth as Tab (i) to Exhibit A hereto and which shall be sent to members of the Class.

(15)    "Notice Order" means the Order to be entered by the Court, substantially in the form set forth as Exhibit A hereto, *inter alia*, preliminarily approving the terms and conditions of this Stipulation, directing that Notice be provided to the Class, and scheduling a Fairness Hearing concerning the final approval of the Settlement.

(16)    "Order and Final Judgment" means the Order and Final Judgment to be entered by the Court fully and finally ending the Class Action, which shall be substantially in the form set forth in Exhibit B hereto.

(17)    "Pension Plan" means the Johnstown America Corporation Bargaining Unit Pension Plan.

(18)    "Rule-of-65 Pension" refers to the Rule-of-65 pension as defined in the Johnstown America Corporation Bargaining Unit Pension Plan.

(19)    "Service Arbitration Award" means the Opinion and Award issued on May 5, 2008 by Arbitrator Claire B. McDermott in Grievance No. 07-054, FMCS Case No. 07-77041-1.

(20)    "Settled Claims" means any and all causes of action, suits, obligations, claims, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or equity, foreseen or unforeseen, actual or potential, matured or unmatured, known or unknown, accrued or not accrued, which Plaintiffs, including each class member, whether a current or former FCA employee, on behalf of himself and all of his heirs, trusts, trustees, executors, administrators, beneficiaries, spouses, predecessors, successors, assigns and each of them ever had, now have, can have, or shall or may hereafter have, either individually, or as a member of a class, for, based on, by reason of, arising from or relating to the conduct alleged in the Class Action, including, but not limited to, claims that arise out of any of the facts, transactions, events, occurrences, acts or omissions mentioned or referred to in the Amended Complaint in this Class Action, or claims that would be barred by principles of *res judicata*.

(21)    "Settlement" means, the settlement contemplated by this Stipulation and any accompanying Exhibits, including any subsequent amendments thereto and Exhibits to such amendments.

(22)    "70/80 Pension" refers to the Rule of 70/80 pension as defined in the Johnstown America Corporation Bargaining Unit Pension Plan.

(23)   "Stipulation" means this Stipulation and Settlement Agreement.

## RECITALS

B.     Plaintiffs brought the above-captioned action (the "Class Action") on August 15, 2007, asserting claims under § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140.  The same day, Plaintiffs filed a Motion for Class Certification and asked this Court to certify two distinct subclasses of employees at FCA's railcar manufacturing facility in Johnstown, Pennsylvania (the "Johnstown Facility").  Also on August 15, 2007, Plaintiffs filed a Motion for Temporary Restraining Order or Preliminary Injunction asking this Court to order the reinstatement of Plaintiffs to their positions at the Johnstown Facility.

C.     On August 18, 2007, Plaintiffs filed their Amended Complaint in order to change the identity of one of the named plaintiffs.  The Amended Complaint alleged violations of § 510 of ERISA that were substantially the same as those in the original Complaint.

D.     This Court denied Plaintiffs' Motion for Temporary Restraining Order on August 21, 2007 and ordered a hearing on Plaintiffs' Motion for Preliminary Injunction.  That hearing was held over two days on October 3 and October 12, 2007.

E.     On January 11, 2007, this Court issued an order certifying a class consisting of two distinct subclasses of FCA employees at the Johnstown Facility – the "Deferred Vested Pension Subclass" and the "Special Pension Subclass."  Class Counsel was appointed to represent these subclasses.

F.     The January 11, 2007 order also granted Plaintiffs' Motion for Preliminary Injunction as to both subclasses.  Under this Court's order, FCA was ordered as follows:

> [M]embers of [the special pension subclass] shall be reinstated to full-time employment with the Defendant effective immediately under such terms that will allow the members of this subclass to accrue the necessary age and service time requirements for the special pensions as set forth in the operative collective bargaining agreement set to expire on May 15, 2008 and in accordance with the terms of the operative pension plans.

$$* \qquad * \qquad * \qquad * \qquad * \qquad *$$

> [M]embers of [the deferred vested pension subclass] shall be reinstated to full-time employment with the Defendant effective immediately under such terms that will allow the members of this subclass to accrue the necessary service time requirements for the deferred vested pensions as set forth in the operative collective bargaining agreement set to expire on May 15, 2008 and in accordance with the terms of the operative pension plans.

G.     FCA appealed this Court's order to the United States Court of Appeals for the Third Circuit on January 13, 2008.  Simultaneously with FCA's Notice of Appeal, FCA filed a Motion to Stay the preliminary injunction order pending resolution of the appeal on the merits. This Court denied FCA's Motion to Stay on February 11, 2008.  FCA then filed a Motion to Stay with the Third Circuit.  The Third Circuit granted the Motion and stayed this Court's preliminary injunction order on March 4, 2008.

H.     After extensive face-to-face negotiations on June 12, 18 and 19, 2008, as well as through several e-mails and telephone calls, FCA and Plaintiffs arrived at an amicable resolution of this matter.  FCA also reached an amicable settlement with the Union, related to, *inter alia*, the closing of the Johnstown Facility.  On June 26, 2008, the terms of the FCA/Union Agreement and many of the terms of this Settlement were ratified by the Union by a vote of 194 to 54.

I.      The oral argument before the Third Circuit on the merits of the preliminary injunction was scheduled for June 30, 2008.  However, upon notification that Plaintiffs and FCA had negotiated this Stipulation, the argument was cancelled and the case partially remanded back to this Court for the limited purpose of finalizing settlement in accordance with Federal Rule of Civil Procedure 23.

J.      FCA categorically and unequivocally denies any wrongdoing in connection with the allegations made in Plaintiffs' Complaint or Amended Complaint, denies any liability for the claims asserted and denies any violation of ERISA or any other federal or state law, rule or regulation.

K.      FCA and Plaintiffs are entering into this Stipulation solely to eliminate the uncertainties, burden and expense inherent in further protracted litigation.

L.      Neither this Stipulation, nor any of its terms, nor any press release or other statement or report by Plaintiffs, FCA, or others concerning this Stipulation or its terms, shall constitute an admission or finding of wrongful conduct, acts or omissions on the part of FCA or be admissible in any proceeding (other than one to enforce the terms of the Stipulation) for any purpose whatsoever.

M.      Class Counsel has conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Amended Complaint.  In addition, Class Counsel considered and evaluated the evidence available to support Plaintiffs' claims and the likelihood of prevailing on those claims under the applicable laws, taking into account the potential defenses thereto and the uncertainties of predicting the outcome of complex litigation.  Finally, Class Counsel investigated the likely collectability of any judgment that might ultimately be entered against FCA.

N.      Plaintiffs, by and through Class Counsel, have conducted discussions and arm's length negotiations with FCA's Counsel with respect to a compromise and settlement of the Class Action. Plaintiffs and Class Counsel have conducted such negotiations with a view to settling all of the claims that have been or could have been raised in the Class Action against FCA and achieving the best relief possible consistent with the interests of Plaintiffs. In conducting these negotiations, Class Counsel considered the present financial position of FCA and its future prospects.

O.      Based upon their investigation as set forth above, Class Counsel has concluded that the terms and conditions of this Settlement are fair, reasonable and adequate to Plaintiffs and in their best interests in light of all the relevant circumstances. Accordingly, Plaintiffs have agreed to settle the claims raised in the Class Action pursuant to the terms and conditions of this Stipulation after considering (a) the benefits that Plaintiffs will receive from settlement of the Class Action; (b) the attendant risks of litigation and collection; and (c) the desirability of permitting the Settlement to be completed as provided by the terms of this Stipulation.

P.      FCA has considered the risks and expenses of continued litigation and has concluded that this negotiated Settlement is in its best interest in order to resolve this matter fully and finally.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Class Action whatsoever, and without any admission or concession of liability or wrongdoing or lack of merit in the defenses whatsoever by FCA, it is hereby STIPULATED AND AGREED, by and among Plaintiffs and FCA, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the conditions of ¶ 1 of this Stipulation, in consideration of the benefits

flowing to the parties hereto from the Settlement, that all of Plaintiffs' claims against FCA shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## <u>TERMS AND CONDITIONS OF SETTLEMENT</u>

1.   **Conditions.**  The Effective Date of this Settlement is the first business day after the date by which all of the following have occurred:  (1) a Notice Order has been entered by the Court; (2) an Order and Final Judgment has been entered by the Court; and (3) the time for any appeal or other further review of the Order and Final Judgment has expired without any appeal having been filed[2] *or*, if an appeal is filed, the appeal is disposed of with Order and Final Judgment not having been vacated, reversed or modified in any material way.  Unless and until all three of these events take place, and unless and until the FCA/Union Agreement has been executed and becomes operative by its terms as provided by ¶ 4 of the Master Global Settlement Agreement, this Stipulation shall be null and void.  In such case and as to all issues, the parties will be restored to and reserve their respective legal positions.

2.   **Consideration.**  This Settlement is entered into by Plaintiffs in exchange for the following consideration:

a.   **Amendment of Pension Plan.**  FCA will amend its Pension Plan as set forth in Exhibit D.[3]

---

2       See Note 1 above.

3       The persons affected are listed in Exhibit C.  Exhibit C represents the parties' good faith effort to list the persons affected by this Amendment.

      b.      **No Back Pay Or Front Pay.**  None of the Class Representatives, Class Members or any other employee of the Companies shall be entitled to receive back pay or front pay under the terms of this Settlement.  However, some of them may receive monies or other benefits pursuant to the FCA/Union Agreement.

      3.      **Release and Dismissal of All Claims.**  In exchange for the consideration in this Stipulation, including but not limited to the consideration outlined in ¶ 2 above, on the Effective Date, the Class Representatives and each Class Member on behalf of himself, herself or itself and all of their heirs, trusts, trustees, executors, administrators, beneficiaries, spouses, predecessors, successors, assigns and each of them, by operation of the Order and Final Judgment shall have, and shall be deemed to have, fully, finally, and forever released, remised, relinquished and discharged all Settled Claims against the Companies, their affiliates, officers, directors, Board, employees, former employees, shareholders, agents, attorneys, predecessors, successors and/or assigns.

      4.      **Stipulation Not An Admission.**  Neither this Stipulation, including all exhibits, orders or other documents referred to herein; nor any terms or provision of the Stipulation; nor any of the communications, negotiations, mediation, proceedings or documents produced to Plaintiffs in connection with or related to this Stipulation, shall be:

      a.      Construed as or deemed to be evidence of, or a concession or an admission by the Companies of, or to give rise to any sort of inference or presumption of:  (i) the truth of any fact alleged or the validity of any claim asserted in the Amended Complaint or the Class Action, (ii) the truth of any fact or claim that has been, ever could have been, or ever could be asserted in the Amended

Complaint or the Class Action, or (iii) any liability, fault, wrongdoing or misconduct of any type by the Companies with respect to the Amended Complaint or the Class Action; or

b.     Offered or received into evidence in any proceeding or otherwise submitted to, or referred to in, any court, administrative agency, tribunal or other forum as evidence of, or as a concession or admission by the Companies of, or as giving rise to any sort of inference or presumption of, any fault, misrepresentation or omission in any oral or written statement or any document, report or financial statement issued, filed, approved, examined, reviewed, considered, reported on, or made by the Companies; or

c.     Offered or received into evidence in any proceeding or otherwise submitted to, or referred to in, any court, administrative agency, tribunal or other forum as evidence of, or as a concession or admission by the Companies of, or as giving rise to any sort of inference or presumption of, any liability, fault or wrongdoing by the Companies in any civil, criminal, administrative, arbitral or other proceeding but may be referred to in such a proceeding only as may be necessary to consummate or enforce this Stipulation; or

d.     Construed by anyone for any purpose whatsoever as a concession or an admission — or as giving rise to any inference or presumption — of any liability, fault, wrongdoing or misconduct of any sort on the part of the Companies; or

- 12 -

e.   Construed as an admission or concession by anyone — or as giving rise to any inference or presumption — that the consideration to be given hereunder represents the amount that could be recovered after trial, or as a release of any person other than the parties released in ¶ 3; or

f.   Construed by anyone for any purpose whatsoever as a concession or an admission by Plaintiffs in any respect.

5.   **Attorneys' Fees And Expenses.**  In full and final resolution of all fees and costs associated with the Class Action and the settlement negotiations pertaining thereto, including any fees or costs incurred by Class Counsel in the future, including but not limited to any fees or costs through the Effective Date of this Settlement, FCA will pay Class Counsel the sum of $675,000.  Accordingly, FCA agrees not to oppose an application by Class Counsel for an order requiring FCA to pay Class Counsel reasonable attorneys' fees and expenses in an amount not to exceed $675,000.  This sum – not to exceed $675,000 – shall be paid by FCA within 30 days of the Effective Date of this Settlement.

6.   **Cooperation.**  Class Representatives and FCA shall cooperate fully with one another in seeking approval of this Stipulation and use their best efforts to consummate the Settlement in accordance with and subject to its terms and conditions.  Class Representatives and FCA will exert every reasonable effort, and will act reasonably and in good faith, to agree on and execute, at the earliest practicable time, such documentation as may be required in order to: (1) implement the matters enumerated herein; (2) obtain the Court's preliminary and final approval of the Settlement; and (3) secure dismissal of the Class Action with prejudice.

7.     **No Evasion Of Mutual Responsibility To Cooperate**.  Neither Class Representatives nor FCA shall seek to evade their good faith obligation to seek approval and implementation of this Settlement on the basis of any ruling, order, governmental report, change in the financial condition of any party, or any other development, whether in the Class Action or in any other litigation, or otherwise, that might hereafter occur and might be seen as altering the relative strengths of the parties with respect to any claim or defense, or their relative bargaining power with respect to negotiating a settlement, other than as permitted in this Stipulation.  The parties deem this Settlement to be fair and reasonable and have arrived at the Settlement after arm's-length negotiations, taking into account all relevant factors.  The parties acknowledge and agree that FCA and its counsel have a right to communicate orally and in writing with, and to respond to inquiries from, Class Members, relating to Notice and inquiries about benefits, including matters of plan administration and communications as may be necessary to implement the terms of this Settlement Agreement in accordance with its obligations under ERISA.

8.     **Successors And Assigns**.  This Stipulation shall be binding on, and inure to the benefit of, the parties hereto and their respective heirs, executors, administrators, successors and assigns, and on any corporation or other entity into or with which any party hereto may merge or consolidate.

9.     **Choice of Law**.  This Stipulation shall be construed in accordance with the laws of the Commonwealth of Pennsylvania.

10.    **Complete Agreement**.  This Stipulation, including any attached exhibits, constitutes the entire agreement among the parties hereto with respect to the Settlement of the Class Action, and may not be modified or amended, except in writing, signed by all parties hereto, or their successors in interest. All parties acknowledge and confirm that, in entering into this Stipulation, they have not relied on any document, fact, representation, statement or other

matter not expressly recited in this Stipulation. Counsel may sign this Stipulation on behalf of the parties and respectively represent that they have been fully authorized by their clients to do so. This Stipulation may be executed in counterparts by any of the signatories hereto, including by facsimile or electronic transmission, and as so executed shall constitute one agreement.

11. **Retention of Jurisdiction.**  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

12. **Construction.**  None of the parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

13. **Interpretation Principles.**  The following interpretation principles apply to this Stipulation.

      a. **Headings.**  The headings of this Stipulation are for reference purposes only and do not affect in any way the meaning or interpretation of this Stipulation.

      b. **Singular and Plural.**  Definitions apply to the singular and plural forms of each term defined.

      c. **Gender.**  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

     **d.**     **Terms of Inclusion.**  Whenever the words "include," "includes" or "including" are used in this Stipulation, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

## PROCEDURES TO EFFECTUATE THE SETTLEMENT

14.     Within five (5) business days of executing this Stipulation, FCA and Plaintiffs shall jointly move the Court for preliminary approval of the Settlement and for entry of the Notice Order, attached hereto as Exhibit A.

15.     At the Fairness Hearing, FCA and Plaintiffs shall jointly move the Court for entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B. The Order and Final Judgment shall, *inter alia*, dismiss the Class Action and the Amended Complaint and dismiss with prejudice all of the Settled Claims of all Class Members as to FCA.

16.     The Settlement and Stipulation are terminated and shall be null and void, in the event that any of the following occurs:

     a.     The Court does not enter the Notice Order in substantially the form attached as Exhibit A preliminarily approving the Settlement, or modifies the Notice Order in a material way not consented to by Plaintiffs and FCA;

     b.     The Court does not enter the Order and Final Judgment or modifies the Order and Final Judgment in a material way not consented to by Plaintiffs and FCA;

- 16 -

c.      The Order and Final Judgment is reversed, modified or vacated on appeal in any material respect; or

d.      The conditions of ¶ 4 of the Master Global Settlement Agreement are not fulfilled.

**PLAINTIFFS KENNETH J. SOWERS,**
**ANTHONY J. ZANGHI, ROBERT A. HAYDEN**
**JR. AND ALL OTHERS SIMILARLY**
**SITUATED:**

By: *Kenneth J Sowers*

By:_____

By:_____

**DEFENDANT FREIGHTCAR AMERICA, INC.**

By.:_____

Dated: August *5*, 2008

08/05/2008 00:12 FAX 8143221100        DIST.COURT #47-3-01                    ☑001
Aug 05 08 12:03p      Anthony Zanghi                        8145390027              p.1

**PLAINTIFFS KENNETH J. SOWERS,
ANTHONY J. ZANGHI, ROBERT A. HAYDEN
JR. AND ALL OTHERS SIMILARLY
SITUATED:**

By:_____

By:_____

By:_____

**DEFENDANT FREIGHTCAR AMERICA, INC.**

By.:_____

Dated: August 5, 2008

08/05/2008  09:31                    FEDEX KINKO'S   1041              PAGE  02

8/4/2008 8:31 PM  FROM: 412.281.1007  SFDP Stember Feinstein Doyle _Payne, LLC   PAGE: 019 OF 019

PLAINTIFFS KENNETH J. SOWERS,
ANTHONY J. ZANGHI, ROBERT A. HAYDEN
JR. AND ALL OTHERS SIMILARLY
SITUATED:


By:_____


By:_____


By:_____


DEFENDANT FREIGHTCAR AMERICA, INC.


By:_____


Dated: August  5 , 2008

**PLAINTIFFS KENNETH J. SOWERS,
ANTHONY J. ZANGHI, ROBERT A. HAYDEN
JR. AND ALL OTHERS SIMILARLY
SITUATED:**

By:_____

By:_____

By:_____

**DEFENDANT FREIGHTCAR AMERICA, INC.**

By.:_____

Dated:  August 5, 2008