# TAB 2 – EXHIBIT B

# Order and Final Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| KENNETH J. SOWERS, ANTHONY J. ZANGHI and ROBERT A. HAYDEN, JR., on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>FREIGHTCAR AMERICA, INC.,<br><br>        Defendant. | **Civil Action No.: 03:07cv201-KRG**<br><br>District Judge Kim R. Gibson<br><br>Class Action<br><br>Electronically Filed |

## ORDER AND FINAL JUDGMENT

Based on the ruling filed this date, and all of the files, records, and proceedings in this matter, the Court enters the following Order and Final Judgment, which is binding upon and inures to the benefit of Plaintiffs Kenneth J. Sowers, Anthony J. Zanghi, and Robert A. Hayden, Jr., individually and as representatives of the Plaintiff Class (collectively, "Class Representatives"), Defendant FreightCar America, Inc. ("FCA"), and the class described in the following paragraph ("Class").

On _____, 2008, this Court amended its prior class certification order and the definition of the certified class to the following:

> Any person who:
>
> (i)    Was employed at the Johnstown Facility, was accruing service under the FCA Pension Plan as of May 15, 2008 (whether by reason of active employment or layoff), was hired by the Companies in 1988 or 1989 **and** would achieve age and service credit necessary for a Rule-of-65 Pension or a 70/80 Pension by December 31, 2009 with continued accrual of age and service credit ; **or**
>
> (ii)    Was employed at the Johnstown Facility, was accruing service under the FCA Pension Plan as of May 15, 2008 (whether

by reason of active employment or layoff), was hired by the Companies in 1988 or 1989, was covered by the Service Arbitration Award, **and** would achieve age and service credit necessary for a Rule-of-65 Pension by May 31, 2010 with continued accrual of age and service credit ; **or**

(iii) Was employed at the Johnstown Facility, was covered by the FCA Pension Plan as of May 15, 2008, was on the seniority list as of June 19, 2008 **and** was hired by the Companies between August 16, 2004 and October 11, 2004.

Persons in Sections (i) and (ii) constitute the "Special Pension Subclass." Persons in Section (iii) constitute the "Deferred Vested Pension Subclass."

On _____, 2008, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement memorialized in the parties' proposed Settlement Agreement dated August 5, 2008 ("Settlement Agreement"), and approving the form of Class Notice and directing the manner of delivery.

On _____, 2008, the Court held a settlement fairness hearing (the "Fairness Hearing"), for which members of the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order and Class Notice.

Having considered the parties' moving papers, the Settlement Agreement, and all other evidence concerning the Motions,

IT IS HEREBY ORDERED AND ADJUDGED:

1. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all parties to the action and the Settlement Agreement, including all members of the Class.

3. The Court hereby approves and confirms the settlement embodied in the Settlement Agreement as being fair, reasonable, adequate, and in the best interest of the Class Members.

4. _____ members of the Class filed objections to the Settlement Agreement. This Court has considered each of those objections and rules _____ [Court to insert].

5. The Court determines that the Settlement Agreement has been negotiated vigorously, in good faith, and at arms'-length by Class Representatives and Class Counsel on behalf of the Class Members and further finds that the Class Representatives have acted independently and that their interests are identical to the interests of the Class Members for purposes of settlement of the action.

6. The Court determines that the Class Notice transmitted to the Class Members pursuant to the Preliminary Approval Order and the Settlement Agreement constituted the best notice practicable under the circumstances and provided individual notice to all members of the Class who could be identified through reasonable efforts. The Class Notice provides valid, adequate, and sufficient notice of, among other things, these proceedings, and the settlement to all persons entitled to such notice. Such notice has fully satisfied the prerequisites and requirements of Fed.R.Civ.P. 23 and the requirements of due process.

7. Attorney's fees and litigation expenses are hereby awarded to Class Counsel in the amount of $ 675,000 which the Court finds to be fair and reasonable, with such amounts to be paid by FCA to Class Counsel within thirty (30) business days of the Effective Date of the Settlement.

3

8. Pursuant to Fed.R.Civ.P. 41(a)(2), the Court hereby dismisses this action with prejudice on the merits as to the entire class.

9. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction to implement, interpret, or enforce the Final Order and Judgment, the Preliminary Approval Order, and the Settlement Agreement until each act agreed to by all parties has been performed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

So Ordered,

DATED: _____   Entered: _____
                                                                          The Honorable Kim R. Gibson